Nevada is part of a growing list of states that has legalized recreational marijuana. In a state where it is legal to transport, consume, or possess up to one ounce of marijuana per person, its faint smell is, at best, evidence that a legal substance may be present. Yet here, local deputies from the Washoe County Sheriff's Office conducted an intrusive, warrantless search of a car based only on the faint smell of marijuana. Let me just see if I understand this correctly. I looked this morning again at the statute, one of the statutes involved, and this is Nevada Revised Statute 453D.4002, it's one of these wonderful long cites, and that says a person who smokes or otherwise consumes marijuana in a public place, or in a moving vehicle, is guilty of a misdemeanor. In this case, since the car in which Gray was riding was stopped for a vehicle violation, the officer smelled marijuana in the car, and a dog alerted to the scent of marijuana, why wasn't there probable cause? This statute says if he consumed it in the car that was moving, that's a violation, had nothing to do with the quantity, had nothing to do with anything else. It just, smell in the car, the dog alerted, there was a moving violation of the car he was in. Should we take that into account? There's no evidence in this case that either the driver or the passenger consumed marijuana in a moving vehicle. Deputy Spaulding saw the BMW pull out of a motel and stop that car almost immediately. It is legal to smoke marijuana before getting in a car. It's legal to smoke marijuana if it's parked on private property. And it's legal to transport marijuana in any fashion in that car. Admittedly, that could be the approach or the case, but it could also, could it not be that they had smoked marijuana in the car, that Gray had smoked marijuana in the car? It is possible, hypothetically, that one of those two gentlemen smoked marijuana in the car, but there's no evidence in this record that supports that hypothetical. Well, again, with respect, moving vehicle, smell of marijuana, anybody that's ever smelled marijuana knows it's marijuana, and you have a dog that alerted to marijuana before the car was searched, right? Correct, Your Honor. So I guess what I'm troubled with, yes, your explanation is one explanation for that, but with probable cause, you don't have to prove it. You just have to have evidence that a reasonable person looking at the situation thinks, ah, you know, this is probably a violation of the law. And based on the statute that I indicated here, moving violation, I mean a moving vehicle, smoking or consuming marijuana in the moving vehicle is a violation, right? Correct, Your Honor. So why isn't that probable cause? In this case, the deputy Gamboa who arrived on the scene afterwards noted specifically that it was a faint smell. There was no evidence that either gentleman had smoked marijuana in that car. No smoke was seen. There was no ash. There was no end of a joint. And Mr. Cannon, the car's driver, specifically said, we haven't smoked marijuana. Drug test us. If you're concerned that we smoked marijuana in this car, drug test us. And he offered that for himself and for Mr. Gray. And as the government conceded below, there was no concern in this case that the driver was under the influence. No field sobriety test was administered. By the way, your client was a passenger. That's correct, Your Honor. What standing does your client have to complain about this since he didn't have the search of the vehicle, since he didn't own the vehicle or have any interest in it? Standing was never raised by the government, either below or in the Ninth Circuit, as an issue. Isn't that jurisdictional? It is jurisdictional. But because the government charged Mr. Gray with possession of the backpack, the firearm that was in the backpack, and the photographs that were in the backpack, the government conceded juristic or conceded that there was standing because Mr. Gray had an ownership of those items, and he conditionally pled guilty to the possession of those items. So he had ownership and possession of the firearm and the other things that were in the backpack. He didn't have possession in the car. But the question we're talking about here is kind of the precedental question. If you ever get to the backpack, you're saying, understandably, that there was no probable cause to stop the car and search the car. They would have never found the backpack in the first place. Fruit of the poisonous tree, your client's off, right? Correct, Your Honor. So we still have to deal with the issue of, is there a probable cause? I admit it's a close question. But in the case like this, where you have the statute that I've cited, the facts that we cited, what do we do with that? If it's a close question, does the government lose? And if so, what do you cite as the basis for that? Well, I think we can all agree that the probable cause standard is more than, it's possible there was marijuana in that car. And navigating this question of whether there is probable cause in a recreational use state is a new question. But it's one that is paramount to the Ninth Circuit because so many of the courts or so many of the states that have legalized recreational marijuana are in the Ninth Circuit. Well, I admit that the recreational use is going to change things. No question. And if this were a question of, could the dog tell what the quantity of marijuana was? Of course, there would be no basis for that. I get that. But here, it's, you know, consume or, what's the exact language? It's consume or smoke marijuana in a moving vehicle. There was a scent. Smoke hangs around a long time. Moving vehicle, the dog alerts. I gather you admit it is a possibility that there was probable cause. It's not a strong one. But you agree with that? I admit that it's a possibility that marijuana was smoked in that car, although it is my contention that there are not sufficient facts in the record to support that. And according to that- But why is that? Tell me why that is. If you stop a car and there's a, it smells of marijuana. Suppose it's a strong smell. Isn't there a probable cause to think that it was smoked in the car, which is a violation of state law? Marijuana has a strong smell. And one ounce of marijuana is a fairly substantial amount. And so there were two occupants of this car. So there could have legally been two ounces of marijuana in that car. For example, Nevada Dispensary- But my problem is the smoking of it in the car. The officer didn't even indicate that the smell was burnt versus raw. There isn't a single fact that suggests it was a burnt marijuana smell, there was smoke. In all of the courts that have considered this question, they've been state courts, a Washington state court, and the Colorado Supreme Court, they've all found that in order to have probable cause to search a car, there has to be some indicia of criminality or that there's actually contraband in that car. And they've laid out a number of factors that can give guidance to this court, such as extreme nervousness, disparate accounts from the driver and the passenger, the notation of multiple cell phones on the passenger seat. That's guidance to this court as to what factors you need to be looking towards. And in each- So forgive me for interrupting, but I, because your time is getting limited, I wanted to put one question that I had, which was presumably the purpose of this statute, which makes it unlawful to consume marijuana in a moving vehicle, is that it would impact the driver's ability to be a good driver. So the fact that there was a smell of marijuana doesn't tell you anything about when the marijuana was smoked, and it could, and there's no reason to infer that it was smoked while the vehicle was moving, right? I agree, Your Honor, and I believe that if there was a concern about driver safety, they could have conducted the next steps that law enforcement always conducts when they're concerned about driver safety, such as administering a field sobriety test. But no officer ever indicated a concern about driver safety, and in fact, the government has conceded that driver safety was not a concern in this case. Nor is the statute required to be the driver, just the consumption or smoking of it in the car. If it were just the driver, then I'd take the point. But in this case, there's no requirement of that. That's correct, Your Honor, but Mr. Gray also offered to take a drug test in this case. We're going to give you a little extra time on rebuttal. Your time is out, but we have gobbled up your time, as we usually do. So anyway, we'll have you back in a minute. Let's hear from the government. May it please the Court, Adam Sorensen for the United States. I think this case really boils down to three points. First, the officers here had probable cause to believe that some amount of marijuana was in the car. And second, possession of any amount of marijuana is a Federal crime. And third — On that point, that was never meaningfully raised below. It wasn't part of the judge's decision. So why haven't you forfeited that argument? Sure. So it was not part of the judge's decision. I would say that it was raised below. I would point you to page 224 of the record. This isn't the government's response. Under the heading, the detection of the odor of marijuana is probable cause, the government wrote that the status of marijuana as contraband has not changed in these States, referring to States that have legalized some uses or some consumption of marijuana. Despite certain amounts being legalized or decriminalized, under Federal law, marijuana remains illegal in any quantity. So I think it is fairly preserved. If — I know it doesn't matter what the officers were thinking, but if it wasn't raised other than in that pleading, can we really fairly consider that Federal law was the issue? They were saying, oh, Schedule C, we've got to stop this guy. Is that why they were doing that? As you said, I don't think that the subjective mindset of the officers is relevant under Wren. And I think, more importantly, we are dealing with the Federal Fourth Amendment. And there's no indication in any case law that I'm aware of that the Fourth Amendment or any court interpreting it has ever drawn a distinction between State laws and Federal laws when considering what is probable cause. So your position is, I gather, that in — as your learned opponent says, we've got all kinds of States within the Ninth Circuit that have now adopted or may soon adopt laws that permit limited amounts of marijuana use, possession, and so on of marijuana for a variety of purposes to be perfectly legal. But that hasn't changed Schedule C and the Federal law. Is it your position that regardless — let's say medical marijuana use. Let's say that Mr. Gray desperately needed medical marijuana and he had a permit in California for medical marijuana and the police stopped him. Never mentioned Federal law. Could he be chargeable, from your perspective, on that basis? Well, I think that you have to separate that question into a few pieces. Okay. So, first, I think there's no question that Federal criminal laws apply throughout the United States by virtue of the Supremacy Clause. So there's no law or action that a State can do to remove from applicability a Federal criminal prohibition. There's a separate question of Federal or State prosecutorial priorities, which is entirely fair game. And there's yet another question of what States want to choose to authorize their own Constitution. Going back to whether the argument has been forfeited, there were those passing references that you mentioned, but I don't see in the record where the government ever argued straightforward to the district court, forget about the State law issue, Judge, the Federal law issue is dispositive, or anything remotely like that. And the judge clearly didn't understand the government to be raising that, or he presumably would have addressed it in his opinion. I don't think it was articulated repeatedly. I think the main interest of the — in the ruling, based on the Court's questions, seemed to be on some of the State law arguments. But I do think that the language that I cited to you at page 224 of the record does speak for itself in plain terms that marijuana remains Federally prohibited in any quantity. Does it make any difference that in this case, the problem isn't the marijuana, it's what it led to, which is a Federal crime, i.e., a Federal possession — a felon in possession of a firearm. Does that make any difference in whether we take Federal law regarding marijuana into account? So I think generally the inquiry — the probable cause inquiry is based on the facts known to a reasonable officer at the time of the search. And I think at a certain extent, it just — as the Supreme Court has said, it doesn't matter what you ultimately find when you conduct a search. The real question is what is known to a reasonable officer when they conduct the search. So I think the — sort of the nature of the violation that winds up in court should not affect the Fourth Amendment protections. And, you know, I think it sort of illustrates the arbitrariness of crafting a rule where the defendant's reasonable expectation of privacy changes based on the identity of the officers who may be conducting the search. And I think this Court's recent decision in Artis well articulates that principle, and it applies equally to this case. So, for example, if Federal officers had been conducting this particular search, I do not take Mr. Gray to be arguing that they would not have probable cause to search for a violation of Federal law. And whether — Kennedy, there's clear case law to that effect, right? The sniff, the scent of marijuana, and if there's Federal violation, we have found that is probable cause. It is well-established both in the Ninth Circuit and the Supreme Court that would establish probable cause. And I think once we all agree on that, all that's really left is looking to the Supreme Court's decisions in Virginia v. Moore, California v. Greenwood, Cooper v. California, and a line of cases in the Ninth Circuit applying a similar principle, which really simply says that violations of State statutory authority, going beyond what the State has authorized an officer to do, doesn't translate automatically into a violation of the Fourth Amendment. In fact, it's irrelevant. So the Supreme Court, for example, in Cooper said that the question here is not whether the search was authorized by State law. The question is rather whether the search was reasonable under the Fourth Amendment. And so I think that principle applies equally in this case. So if the police, local police, don't have probable cause but suspect that somebody has robbed the bank and they're looking for the money from the, but they also know that the person has just gone to the dispensary and purchased an ounce of marijuana and has gone into his house, it's in his house, they can say, okay, we are now Federal officers. We're going to search for the marijuana. We have probable cause for that. And then they go through the whole house and find what they were really looking for. So you get this. This is a pretext. You think that's perfectly all right? Well, I guess I would want to separate the question into two pieces. I mean, first, as a Fourth Amendment matter, pretextual seizures and searches are permissible, and that's the holding of Wren in the Supreme Court. And I think that's well-established law. So there's no automatic Fourth Amendment problem with pretext. But I also want to be careful to separate this out and to say that States are free to define the authority of their officers and to craft State remedies, either under statutes or their own constitutions, to control the conduct of officers. And I'm not here to argue that the Fourth Amendment somehow prevents them from doing that. It's just that those sorts of violations don't translate into exclusion of evidence in federal court under the federal Fourth Amendment. So I've just taken a look at your the government's response to defendant's motion to suppress. And I must say, it appears to be directed 99.9 percent towards whether this was valid under Nevada law. So are you saying, supposing that what you the passage you just read us, the one and only passage apparently referencing federal law, was in a footnote, that would be enough to preserve it? I think a clear articulation of the principle is enough. But if you're not convinced by that, I think there was also clearly probable cause under State law here, and you would not need to reach that question. And I'm happy to address that for my remaining minute. If you have questions on that front, I'm — I don't. Anybody have any additional questions? I would like to address very briefly the U.S. currency case, because I think it's really the only precedent that my friend has cited in support of the rather novel proposition that the Fourth Amendment looks to a difference between Federal and State violations. And I think it's really important to look at that case carefully and understand what it's saying. So I think the best reading of that case is that it's about the sufficiency of an affidavit in a very particular context and not really about the sufficiency of probable cause based on facts. So in that case, you had State officers applying for a State warrant before a State judge, and they made material omissions of fact, which essentially hid the fact from the judge that the conduct they were describing would have been lawful under State law. In that very narrow context where the State judge presumably would have no reason to automatically think that those officers were investing in a violation of Federal law, that the decision in U.S. currency says, well, the officers in that case should indicate so that the magistrate can apply the facts to the relevant law what law they think has been violated. I don't think that that ruling translates at all to the warrantless search context where there's no ex ante indication of what law you think has been violated. And I think it would be sort of — it wouldn't make much sense to articulate a rule where officers had to have in their subjective mindset or say out loud what particular statutory provision they thought had been violated. And also, I see my time is almost up, but — Kennedy, it's gone. It's gone. When the red light is on, it means the trapdoor is yawning beneath your feet. Thank you. We'd ask the Court to affirm. Thank you very much. Thank you. I'd like to briefly address the Federal jurisdiction issue. So the government never argued below that Federal law was a dispositive issue. It was raised in Mr. Gray's motion to suppress in his moving brief as a separate section that the fact that marijuana was legal under Federal law had no impact on this case, and the government never responded to that argument. Let me ask you this, counsel. I think I know the answer, but I want to be sure. Do you have case law that says that if the government doesn't raise the Federal issue at all, that it goes away? In other words, it's a legal issue. Would it go away? In other words, could — if they had never raised it before the trial court, but it was an independent ground, would it still be viable, or is it just gone? I don't have a case available on that point. I'd be happy to provide further briefing if it would assist the Court. I frankly think there is no Federal marijuana issue in this case regardless. These were local deputies conducting a local traffic stop. They were not trained in Federal law. They were not authorized to enforce Federal law. They were not deputized to enforce Federal law. I get all of that, but I think perhaps it was your opponent, not you, but I thought there was an agreement that this was a clear violation under Federal law, right? Possession of marijuana remains illegal under Federal law, yes. So in that situation, the case becomes a lot less difficult, right? Smell, marijuana, the dog alerts, any amount doesn't matter. So that's probably a tighter. So I admit our primary thrust here is State law, but I'm not sure I know at the top of my head that the Federal aspect of this just goes away any more than the fact that the felon in possession issue is the ultimate issue, and that's clearly a Federal statute. The fact that he's Mr. Gray has been charged and convicted of a Federal statute and that he was in Federal court means that the Federal Fourth Amendment applies to this case. Well, to everything. And we, of course, agree that that is the standard in this case. The fact that this was a local deputy conducting a local traffic stop means that this was not a Federal case. This was not a joint task force. These were not DEA agents investigating Federal law. According to the government's argument, local deputies from the Washoe County Sheriff's Office can just park themselves outside a dispensary and search and arrest anybody who walks out. Perhaps they could even raid a dispensary. I think we have one more. Parties will all the time make a strategic decision at the district court level. We're going to make argument X. We're not going to pursue argument Y. And I thought the law was pretty clear that then when they get up on appeal, they on the grounds of argument Y. Why isn't that a classic waiver? I agree, Your Honor. This is not a jurisdictional question. This is a substantive legal question that the government did not raise below. And on that alphabetical thing, we'll say why not, and thank you very much for your testimony. Thank you all. The case just argued is submitted. A very interesting case. A very interesting case.
judges: Schroeder, M. Smith, Rakoff